**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO.: 5:21-CV-416-D**

| | |
|---|---|
| **CIELO JEAN GIBSON, CLARK FLORIAN A/K/A CLARK GILMER, CORA SKINNER, DESSIE MITCHESON, IRINA VORONINA, JAMIE EDMONDSON LONGORIA, JESSA HINTON A/K/A JESSICA HINTON, JESSICA BURCIAGA, KIMBERLY COZZENS A/K/A KIM COZZENS, LUCY PINDER, PAOLA CANAS, SARA UNDERWOOD, AND TIFFANY TOTH GRAY,** | |
| **Plaintiffs,** | **ANSWER AND AFFIRMATIVE <br>DEFENSES TO <br>AMENDED COMPLAINT <br>(JURY TRIAL DEMANDED)** |
| **v.** | |
| **RPS HOLDINGS, LLC D/B/A CAPITAL CABARET AND PHONG NGUYEN,** | |
| **Defendants.** | |

**NOW COME** the corporate defendant, RPS HOLDINGS, LLC., d/b/a CAPITAL CABARET, and the individual defendant, PHONG NGUYEN by and through undersigned counsel, for their Answer and Affirmative Defenses to Plaintiffs' Amended Complaint filed January 7, 2022, and state, respond, and allege as follows:

1.      It is admitted that the allegations contained in paragraph one of the Amended Complaint contain a description of the allegations in the underlying action. Except as otherwise expressly admitted herein, the allegations contained in paragraph one of the Amended Complaint are denied.

2.      It is admitted that the allegations contained in paragraph two of the Amended Complaint contain a description of the relief that the plaintiffs seek in the underlying action. Except as otherwise expressly admitted herein, the allegations contained in paragraph two of the Amended Complaint are denied.

3.      It is admitted that the allegations contained in paragraph three of the Amended Complaint contain a description of what the plaintiffs seek in the underlying action. Except as otherwise expressly admitted herein, the allegations contained in paragraph three of the Amended Complaint are denied.

## JURISDICTION & VENUE

4.      The allegations contained in paragraph four of the Amended Complaint are admitted.

5.      The allegations contained in paragraph five of the Amended Complaint are admitted.

6.      The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph six of the Amended Complaint, and accordingly deny the same.

7.      The allegations contained in paragraph seven of the Amended Complaint are admitted.

8.      The allegations contained in paragraph eight of the Amended Complaint are admitted.

9.      It is admitted that venue is proper in the United States District Court for the Eastern District of North Carolina. Except as otherwise expressly admitted herein, the allegation contained in paragraph nine of the Amended Complaint are denied.

10.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph ten of the Amended Complaint, and accordingly deny the same.

11.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eleven of the Amended Complaint, and accordingly deny the same.

12.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph twelve of the Amended Complaint, and accordingly deny the same.

13.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph thirteen of the Amended Complaint, and accordingly deny the same.

14.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph fourteen of the Amended Complaint, and accordingly deny the same.

15.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph fifteen of the Amended Complaint, and accordingly deny the same.

16.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph sixteen of the Amended Complaint, and accordingly deny the same.

17.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph seventeen of the Amended Complaint, and accordingly deny the same.

18.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eighteen of the

Amended Complaint, and accordingly deny the same.

19.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph nineteen of the Amended Complaint, and accordingly deny the same.

20.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph twenty of the Amended Complaint, and accordingly deny the same.

21.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph twenty-one of the Amended Complaint, and accordingly deny the same.

22.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph twenty-two of the Amended Complaint, and accordingly deny the same.

23.     The allegations contained in paragraph twenty-three of the Amended Complaint are admitted.

24.     With regard to the allegations contained in paragraph 24 of the Amended Complaint, it is admitted that Phong Nguyen is a member of RPS Holdings, LLC. The remaining allegations contained in paragraph 24 of the Amended Complaint are denied.

25.     The allegations contained in paragraph twenty-five of the Amended Complaint are admitted.

**ANSWER & RESPONSE TO FACTUAL ALLEGATIONS**

26.      The defendants are without sufficient information so as to enable them to form belief as to the truth or falsehood of the allegations contained in paragraph twenty-six of the

Amended Complaint, and accordingly deny the same.

27.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph twenty-seven of the Amended Complaint, and accordingly deny the same.

28.     The allegations contained in paragraph twenty-eight of the Amended Complaint are denied.

29.     The allegations contained in paragraph twenty-nine of the Amended Complaint are denied.

30.     The allegations contained in paragraph thirty of the Amended Complaint are denied.

31.     The allegations contained in paragraph thirty-one of the Amended Complaint are denied.

32.     The allegations contained in paragraph thirty-two of the Amended Complaint are denied.

33.     The allegations contained in paragraph thirty-three of the Amended Complaint are denied.

**Response and Answer to**
**Allegations of Plaintiffs' Individual Backgrounds and Careers**

34.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph thirty-four of the Amended Complaint, and accordingly deny the same.

35.     With regard to the allegations contained in paragraph thirty-five of the Amended Complaint, it is admitted that Exhibit A speaks for itself. The remaining allegations contained in paragraph thirty-five of the Amended Complaint are denied.

36.     With regard to the allegations contained in paragraph thirty-six of the Amended Complaint, it is admitted that Gibson has not been employed with or retained by the defendants. The remaining allegations contained in paragraph thirty-six of the Amended Complaint are denied.

37.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph thirty-seven of the Amended Complaint, and accordingly deny the same.

38.     With regard to the allegations contained in paragraph thirty-eight of the Amended Complaint, it is admitted that Exhibit B speaks for itself. The remaining allegations contained in paragraph thirty-eight of the Amended Complaint are denied.

39.     With regard to the allegations contained in paragraph thirty-nine of the Amended Complaint, it is admitted that Florian has not been employed with or retained by the defendants. The remaining allegations contained in paragraph thirty-nine of the Amended Complaint are denied.

40.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph forty of the Amended Complaint, and accordingly deny the same.

41.     With regard to the allegations contained in paragraph forty-one of the Amended Complaint, it is admitted that Exhibit C speaks for itself. The remaining allegations contained in paragraph forty-one of the Amended Complaint are denied.

42.     With regard to the allegations contained in paragraph forty-two of the Amended Complaint, it is admitted that Skinner has not been employed with or retained by the defendants. The remaining allegations contained in paragraph forty-two of the Amended Complaint are denied.

43.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph forty-three of the Amended Complaint, and accordingly deny the same.

44.     With regard to the allegations contained in paragraph forty-four of the Amended Complaint, it is admitted that Exhibit D speaks for itself. The remaining allegations contained in paragraph forty-four of the Amended Complaint are denied.

45.     With regard to the allegations contained in paragraph forty-five of the Amended Complaint, it is admitted that Mitcheson has not been employed with or retained by the defendants. The remaining allegations contained in paragraph forty-five of the Amended Complaint are denied.

46.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph forty-six of the Amended Complaint, and accordingly deny the same.

47.     With regard to the allegations contained in paragraph forty-seven of the Amended Complaint, it is admitted that Exhibit E speaks for itself. The remaining allegations contained in paragraph forty-seven of the Amended Complaint are denied.

48.     With regard to the allegations contained in paragraph forty-eight of the Amended Complaint, it is admitted that Voronina has not been employed with or retained by the defendants. The remaining allegations contained in paragraph forty-eight of the Amended Complaint are denied.

49.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph forty-nine of the Amended Complaint, and accordingly deny the same.

50.     With regard to the allegations contained in paragraph fifty of the Amended Complaint, it is admitted that Exhibit F speaks for itself. The remaining allegations contained in paragraph fifty of the Amended Complaint are denied.

51.     With regard to the allegations contained in paragraph fifty-one of the Amended Complaint, it is admitted that Longoria has not been employed with or retained by the defendants. The remaining allegations contained in paragraph fifty-one of the Amended Complaint are denied.

52.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph fifty-two of the Amended Complaint, and accordingly deny the same.

53.     With regard to the allegations contained in paragraph fifty-three of the Amended Complaint, it is admitted that Exhibit G speaks for itself. The remaining allegations contained in paragraph fifty-three of the Amended Complaint are denied.

54.     With regard to the allegations contained in paragraph fifty-four of the Amended Complaint, it is admitted that Burciaga has not been employed with or retained by the defendants. The remaining allegations contained in paragraph fifty-four of the Amended Complaint are denied.

55.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph fifty-five of the Amended Complaint, and accordingly deny the same.

56.     With regard to the allegations contained in paragraph fifty-six of the Amended Complaint, it is admitted that Exhibit H speaks for itself. The remaining allegations contained in paragraph fifty-six of the Amended Complaint are denied.

57.     With regard to the allegations contained in paragraph fifty-seven of the Amended Complaint, it is admitted that Hinton has not been employed with or retained by the defendants.

The remaining allegations contained in paragraph fifty-seven of the Amended Complaint are denied.

58. The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph fifty-eight of the Amended Complaint, and accordingly deny the same.

59. With regard to the allegations contained in paragraph fifty-nine of the Amended Complaint, it is admitted that Exhibit I speaks for itself. The remaining allegations contained in paragraph fifty-nine of the Amended Complaint are denied.

60. With regard to the allegations contained in paragraph sixty of the Amended Complaint, it is admitted that Cozzens has not been employed with or retained by the Defendants. The remaining allegations contained in paragraph sixty of the Amended Complaint are denied.

61. The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph sixty-one of the Amended Complaint, and accordingly deny the same.

62. With regard to the allegations contained in paragraph sixty-two of the Amended Complaint, it is admitted that Exhibit J speaks for itself. The remaining allegations contained in paragraph sixty-two of the Amended Complaint are denied.

63. With regard to the allegations contained in paragraph sixty-three of the Amended Complaint, it is admitted that Pinder has not been employed with or retained by the defendants. The remaining allegations contained in paragraph sixty-three of the Amended Complaint are denied.

64.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph sixty-four of the Amended Complaint, and accordingly deny the same.

65.     With regard to the allegations contained in paragraph sixty-five of the Amended Complaint, it is admitted that Exhibit K speaks for itself. The remaining allegations contained in paragraph sixty-five of the Amended Complaint are denied.

66.     With regard to the allegations contained in paragraph sixty-six of the Amended Complaint, it is admitted that Canas has not been employed with or retained by the defendants. The remaining allegations contained in paragraph sixty-six of the Amended Complaint are denied

67.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph sixty-seven of the Amended Complaint, and accordingly deny the same.

68.     With regard to the allegations contained in paragraph sixty-eight of the Amended Complaint, it is admitted that Exhibit L speaks for itself. The remaining allegations contained in paragraph sixty-eight of the Amended Complaint are denied.

69.     With regard to the allegations contained in paragraph sixty-nine of the Amended Complaint, it is admitted that Underwood has not been employed with or retained by the defendants.  The remaining allegations contained in paragraph sixty-nine of the Amended Complaint are denied.

70.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph seventy of the Amended Complaint, and accordingly deny the same.

71.     With regard to the allegations contained in paragraph seventy-one of the Amended Complaint, it is admitted that Exhibit M speaks for itself. The remaining allegations contained in paragraph seventy-one of the Amended Complaint are denied.

72.     With regard to the allegations contained in paragraph seventy-two of the Amended Complaint, it is admitted that Toth has not been employed with or retained by the defendants. The remaining allegations contained in paragraph seventy-two of the Amended Complaint are denied.

**Response and Answer to**
**Allegations of Defendants' Business Activities and Misappropriation**

73.     The allegations contained in paragraph seventy-three of the Amended Complaint are admitted.

74.     The allegations contained in paragraph seventy-four of the Amended Complaint are admitted.

75.     The allegations contained in paragraph seventy-five of the Amended Complaint are admitted.

76.     The allegations contained in paragraph seventy-six of the Amended Complaint are admitted.

77.     The allegations contained in paragraph seventy-seven of the Amended Complaint are denied.

78.     The allegations contained in paragraph seventy-eight of the Amended Complaint are denied.

79.     The allegations contained in paragraph seventy-nine of the Amended Complaint are admitted.

80.     With regard to the allegations contained in paragraph eighty of the Amended Complaint, it is admitted that any use of images of the Plaintiffs by the Defendants would have

been done without the knowledge or consent of the Plaintiffs. Except as otherwise expressly admitted herein, the allegations contained in paragraph eighty of the Amended Complaint are denied.

81.     With regard to the allegations contained in paragraph eighty-one of the Amended Complaint, it is admitted that the Defendants have not paid the Plaintiffs for use of any of the Plaintiffs' images. Except as otherwise expressly admitted herein, the allegations contained in paragraph eighty-one of the Amended Complaint are denied.

82.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eighty-two of the Amended Complaint, and accordingly deny the same.

**Response and Answer to**
**Allegations Regarding Standard Business Practices in Modeling Industry**

83.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eighty-three of the Amended Complaint, and accordingly deny the same.

84.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eighty-four of the Amended Complaint, and accordingly deny the same.

85.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph eighty-five of the Amended Complaint, and accordingly deny the same.

**Response and Answer to**
**Allegations of Defendants' Misappropriation of Plaintiffs' Images**

86.      The allegations contained in paragraph eighty-six of the Amended Complaint are denied.

87.     The allegations contained in paragraph eighty-seven of the Amended Complaint are denied.

88.     The allegations contained in paragraph eighty-eight of the Amended Complaint are denied.

89.     With regard to the allegations contained in paragraph eighty-nine of the Amended Complaint, it is admitted that the defendants and their representatives have not had communications with the Plaintiffs as to request the use of any of the Plaintiffs' images. Except as expressly admitted herein, the allegations contained in paragraph eighty-nine of the Amended Complaint are denied.

90.     With regard to the allegations contained in paragraph ninety of the Amended Complaint, it is admitted that the defendants have not obtained permission from the Plaintiffs to use any of the Plaintiffs' images. Except as otherwise expressly admitted herein, the allegations contained in paragraph ninety are denied.

91.     The allegations contained in paragraph ninety-one of the Amended Complaint are admitted.

92.     The allegations contained in paragraph ninety-two of the Amended Complaint are denied.

93.     The allegations contained in paragraph ninety-three of the Amended Complaint are denied.

94.     The allegations contained in paragraph ninety-four of the Amended Complaint are denied.

**Response and Answer to**
**FIRST CAUSE OF ACTION**
**(Alleged Violations of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B):False Advertising)**

95.    The allegations contained in paragraph ninety-five of the Amended Complaint are denied.

96.    The allegations contained in paragraph ninety-six of the Amended Complaint are denied.

97.    The allegations contained in paragraph ninety-seven of the Amended Complaint are denied.

98.    The allegations contained in paragraph ninety-eight of the Amended Complaint are denied.

99.    The allegations contained in paragraph ninety-nine of the Amended Complaint are denied.

100.    The allegations contained in paragraph one hundred of the Amended Complaint are denied.

101.    The allegations contained in paragraph one hundred & one of the Amended Complaint are denied.

102.    The allegations contained in paragraph one hundred & two of the Amended Complaint are denied.

**Response and Answer to**
**SECOND CAUSE OF ACTION**
**(Alleged Violations of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A):False Association)**

103.    The allegations contained in paragraph one hundred & three of the Amended Complaint are denied.

104.    The allegations contained in paragraph one hundred & four of the Amended Complaint are denied.

105.    The allegations contained in paragraph one hundred & five of the Amended Complaint are denied.

106.    The allegations contained in paragraph one hundred & six of the Amended Complaint are denied.

107.    The allegations contained in paragraph one hundred & seven of the Amended Complaint are denied.

108.    The allegations contained in paragraph one hundred & eight of the Amended Complaint are denied.

**Response and Answer to**
**THIRD CAUSE OF ACTION**
**(Alleged Violations of Common Law right of Privacy-Misappropriation)**

109.    With regard to the allegations contained in paragraph one hundred & nine of the Amended Complaint, it is admitted that the exhibits attached to the Complaint speak for themselves and that the defendants have not obtained permission from the Plaintiffs to use any of the Plaintiffs' images. The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the remaining allegations contained in paragraph one hundred & nine of the Amended Complaint, and accordingly deny the same.

110.    The allegations contained in paragraph one hundred & ten of the Amended Complaint are denied.

111.    The allegations contained in paragraph one hundred & eleven of the Amended Complaint are admitted.

112.    The allegations contained in paragraph one hundred & twelve of the Amended Complaint are denied.

113.    The allegations contained in paragraph one hundred & thirteen of the Amended Complaint are denied.

114.    The allegations contained in paragraph one hundred & fourteen of the Amended Complaint are denied.

115.    The allegations contained in paragraph one hundred & fifteen of the Amended Complaint are denied.

116.    With regard to the allegations contained in paragraph one hundred & sixteen of the Amended Complaint, it is admitted that the defendants have not sought or obtained permission from the Plaintiffs to use any of Plaintiffs' images. Except as otherwise expressly admitted herein, the allegations contained in paragraph one hundred & sixteen of the Amended Complaint are denied.

117.    With regard to the allegations contained in paragraph one hundred & seventeen of the Amended Complaint, it is admitted that the defendants have not sought or obtained permission from the Plaintiffs to use any of Plaintiffs' images. Except as otherwise expressly admitted herein, the allegations contained in paragraph one hundred & seventeen of the Amended Complaint are denied.

118.    With regard to the allegations contained in paragraph one hundred & eighteen of the Amended Complaint, it is admitted that the defendants have not paid the Plaintiffs for use of any of the Plaintiffs' images. Except as otherwise expressly admitted herein, the allegations contained in paragraph one hundred & eighteen of the Amended Complaint are denied.

119.    The allegations contained in paragraph one hundred & nineteen of the Amended Complaint are denied.

120.    The allegations contained in paragraph one hundred & twenty of the Amended Complaint are denied.

**Response and Answer to**
**FOURTH CAUSE OF ACTION**
**(Alleged Violations of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1 *et seq.*)**

121.    The allegations contained in paragraph one hundred & twenty-one of the Amended Complaint are admitted.

122.    The allegations contained in paragraph one hundred & twenty-two of the Amended Complaint are denied.

123.    The allegations contained in paragraph one hundred & twenty-three of the Amended Complaint are denied.

124.    The allegations contained in paragraph one hundred & twenty-four of the Amended Complaint are denied.

125.    The allegations contained in paragraph one hundred & twenty-five of the Amended Complaint are denied.

126.    The allegations contained in paragraph one hundred & twenty-six of the Amended Complaint are denied.

127.    The allegations contained in paragraph one hundred & twenty-seven of the Amended Complaint are denied.

128.    The allegations contained in paragraph one hundred & twenty-eight of the Amended Complaint are denied.

129.    The allegations contained in paragraph one hundred & twenty-nine of the Amended Complaint are denied.

130.    The allegations contained in paragraph one hundred & thirty of the Amended Complaint are denied.

131.    The allegations contained in paragraph one hundred & thirty-one of the Amended Complaint are denied.

132.    The allegations contained in paragraph one hundred & thirty-two of the Amended Complaint are denied.

133.    The allegations contained in paragraph one hundred & thirty-three of the Amended Complaint are denied.

134.    The allegations contained in paragraph one hundred & thirty-four of the Amended Complaint are denied.

135.    The allegations contained in paragraph one hundred & thirty-five of the Amended Complaint are denied.

136.    The allegations contained in paragraph one hundred & thirty-six of the Amended Complaint are denied.

**Response and Answer to**
**FIFTH CAUSE OF ACTION**
**(Defamation)**

137.    The allegations contained in paragraph one hundred & thirty-seven of the Amended Complaint are denied.

138.    The allegations contained in paragraph one hundred & thirty-eight of the Amended Complaint are denied.

139. The allegations contained in paragraph one hundred & thirty-nine of the Amended Complaint are denied.

140. The allegations contained in paragraph one hundred & forty of the Amended Complaint are denied.

141. The allegations contained in paragraph one hundred & forty-one of the Amended Complaint are denied.

142. The allegations contained in paragraph one hundred & forty-two of the Amended Complaint are denied.

143. The allegations contained in paragraph one hundred & forty-three of the Amended Complaint are denied.

144. The allegations contained in paragraph one hundred & forty-four of the Amended Complaint are denied.

145. The allegations contained in paragraph one hundred & forty-five of the Amended Complaint are denied.

146. The allegations contained in paragraph one hundred & forty-six of the Amended Complaint are denied.

147. The allegations contained in paragraph one hundred & forty-seven of the Amended Complaint are denied.

148. The allegations contained in paragraph one hundred & forty-eight of the Amended Complaint are denied.

**Response and Answer to**
**SIXTH CAUSE OF ACTION**
**(Negligence, Gross Negligence, and *Respondeat Superior*)**

149. The allegations contained in paragraph one hundred & forty-nine of the

Amended Complaint are denied.

150.     The allegations contained in paragraph one hundred & fifty of the Amended Complaint are denied.

151.     The allegations contained in paragraph one hundred & fifty-one of the Amended Complaint are denied.

152.     The allegations contained in paragraph one hundred & fifty-two of the Amended Complaint are denied.

153.     The allegations contained in paragraph one hundred & fifty-three of the Amended Complaint are denied.

154.     The allegations contained in paragraph one hundred & fifty-four of the Amended Complaint are denied.

155.     The allegations contained in paragraph one hundred & fifty-five of the Amended Complaint are denied.

156.     The allegations contained in paragraph one hundred & fifty-six of the Amended Complaint are denied.

157.     The allegations contained in paragraph one hundred & fifty-seven of the Amended Complaint are denied.

**Response and Answer to**
**SEVENTH CAUSE OF ACTION**
**(Conversion)**

158.     The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph one hundred & fifty-eight of the Amended Complaint, and accordingly deny the same.

159.     The allegations contained in paragraph one hundred & fifty-nine of the Amended Complaint are denied.

160.     The allegations contained in paragraph one hundred & sixty of the Amended Complaint are denied.

**Response and Answer to**
**EIGHTH CAUSE OF ACTION**
**(Unjust Enrichment)**

161.     With regard to the allegations contained in paragraph one hundred & sixty-one of the Amended Complaint, it is admitted that the exhibits attached to the Amended Complaint speak for themselves. Except as otherwise expressly admitted herein, the allegations contained in paragraph one hundred & sixty-one of the Amended Complaint are denied.

162.     The allegations contained in paragraph one hundred & sixty-two of the Amended Complaint are denied.

163.     The allegations contained in paragraph one hundred & sixty-three of the Amended Complaint are denied.

164.     The allegations contained in paragraph one hundred & sixty-four of the Amended Complaint are denied.

165.     The allegations contained in paragraph one hundred & sixty-five of the Amended Complaint are denied.

166.     The allegations contained in paragraph one hundred & sixty-six of the Amended Complaint are denied.

167.     The allegations contained in paragraph one hundred & sixty-seven of the Amended Complaint are denied.

## NINTH CAUSE OF ACTION
### (Quantum Meruit)

168.    The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph one hundred & sixty-eight of the Amended Complaint, and accordingly deny the same.

169.    The defendants are without sufficient information so as to enable them to form a belief as to the truth or falsehood of the allegations contained in paragraph one hundred & sixty-nine of the Amended Complaint, and accordingly deny the same.

170.    The allegations contained in paragraph one hundred & seventy of the Amended Complaint are denied.

171.    The allegations contained in paragraph one hundred & seventy-one of the Amended Complaint are denied.

## DEMAND FOR JURY TRIAL

172.    The defendants acknowledge that in an unnumbered allegation in the Amended Complaint—that if numbered would be paragraph one hundred & seventy-two—the Plaintiffs demand a jury trial.

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLAIMS

Defendants assert the following affirmative defenses without assuming any burden of production or proof that they would not otherwise have.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted, including, but not limited to, all claims for the alleged violations of § 43 of the Lanham Act, 15 U.S.C. § 1125 *et seq*.; Common Law Right of Privacy; North Carolina Unfair and Deceptive Trade

Practices, N.C. Gen. Stat. § 75-1.1; Defamation; Negligence, Gross negligence, and *Respondeat Superior*; Conversion; Unjust Enrichment; and Quantum Meruit. In particular, and without limitation, including for the reasons set forth in other affirmative defenses contained herein, upon information and belief: the Amended Complaint fails to state claims for the alleged violation of § 43 of the Lanham Act, 15 U.S.C. § 1125 et seq. premised on a theory of false endorsement and/or false association due to, among other reasons: (i) plaintiffs' failure to sufficiently allege a false or misleading representation of fact by defendants in connection with goods and/or services offered by defendants; (ii) plaintiffs' assertion of shifting and/or inconsistent damages allegations and failure to sufficiently assert the nature of their alleged damages in a manner to provide defendants with adequate notice thereof; and/or (iii) plaintiffs' failure to adequately allege that the purported actions of defendants caused consumer confusion as to the origin, sponsorship, or approval of defendants' goods and/or services.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery by reason of waiver and/or estoppel to the extent that plaintiffs intentionally relinquished all rights to the ownership, use and/or dissemination of the alleged images(s) implicated in this action, including by contracting, releasing and/or licensing rights to the alleged image(s), in prior lawsuits brought by these plaintiffs against one or more of these defendants, and otherwise. Plaintiffs' claims are also barred to the extent that defendants relied to their detriment on plaintiffs' knowledge of, and acquiescence to, the alleged use and/or dissemination of the alleged images.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of laches as defendants are prejudiced by plaintiffs' unreasonable and inexcusable delay in bringing the claims asserted in the Amended

Complaint, most of which are based upon images allegedly published and/or disseminated, upon information and belief, more than three (3) years or more prior to the commencement of this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims violations of § 43 of the Lanham Act, 15 U.S.C. § 1125 *et seq*.; Common Law Right of Privacy; North Carolina Unfair and Deceptive Trade Practices, N.C. Gen. Stat. § 75-1.1; Defamation; Negligence, Gross Negligence, and *Respondeat Superior*; Conversion; Unjust Enrichment; and *Quantum Meruit* are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to N.C. Gen. Stat. § 1-52, and N.C. Gen. Stat. § 75-16.2

### FIFTH AFFIRMATIVE DEFENSE

The court should not exercise supplemental jurisdiction over the counts in the Amended Complaint that purport to arise under North Carolina State statutory and/or common law pursuant to 28 U.S.C § 1367.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiffs failed to mitigate their alleged damages or take other reasonable steps to avoid or reduce the alleged damages, namely by failing to, among other things, pursue and/or undertake any professional modeling, acting, and/or other commercial endeavors or engagements to avoid and/or reduce the alleged damages sought in this action.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for defamation fail as a matter of law to the extent that the allegedly defamatory conduct set forth in the Amended Complaint reflect(s) or convey(s) the truth.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants did not publish any defamatory statement about plaintiffs to any third parties.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to statutory, punitive, or exemplary damages, or to attorneys' fees, under any cause of action alleged in the Amended Complaint, because defendants did not act with malice, willfulness, bad faith and/or wanton disregard of plaintiffs' rights.

### TENTH AFFIRMATIVE DEFENSE

Each and every one of Plaintiffs' claims set forth in the Amended Complaint fail to the extent that Plaintiffs consented to public use and dissemination of the alleged images(s) implicated in this action by virtue of plaintiffs' execution of a release and/or releases whereby each such plaintiff gave permission and/or authorization to use the image(s) covered by such release(s).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon the lack of any likelihood of confusion, or any misunderstanding as to the affiliation, connection or association of plaintiffs with defendants' services, or as to the origin, sponsorship, endorsement or approval by plaintiffs of defendants' services, among members of the public, caused in whole or in part by defendants' alleged conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent plaintiffs themselves voluntarily publicly disseminated the images in question via social media outlets such as Facebook, Twitter and/or Instagram, giving rise to an implied license, and/or an inference that plaintiffs consented to, further distribution or publication of such images.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part, to the extent the rights to the images in question, including rights to commercially exploit said images, are owned by any photographers,

their assignees, or by other parties, and not by the Plaintiffs.

<strong>FOURTEENTH AFFIRMATIVE DEFENSE</strong>

Plaintiffs' claims are barred, in whole or in part, to the extent that they have previously given permission, and/or authorization to individuals and/or entities to use their image(s) to promote products and/or services, including those offered by defendants, or acquiesced, directly or indirectly, by action or inaction concerning the  use of their image(s) to promote products and/or services, including those offered by the defendants..

<strong>FIFTEENTH AFFIRMATIVE DEFENSE</strong>

To the extent the Amended Complaint alleges any harm to plaintiffs' reputation, marketability, profession, goodwill, or the like, such alleged harm is solely or partially the result of plaintiffs' or their agents' own culpable conduct or want of care, including their voluntary publication and/or dissemination of images of themselves in scantily clad and/or sexually suggestive poses, including nudity, in various mediums, including, but not limited to, magazines, videos, and/or social media outlets, and not as a result of any alleged conduct by defendants.

<strong>SIXTEENTH AFFIRMATIVE DEFENSE</strong>

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have ever consented to the use of their images by gentlemen's clubs or other similar establishments, directly or indirectly, by their actions or inaction.

<strong>SEVENTEENTH AFFIRMATIVE DEFENSE</strong>

Each and every one of Plaintiffs' claims is barred to the extent that any alleged use of plaintiffs' image(s) by defendants only enhances, and does not detract from, the public image that Plaintiffs have intentionally cultivated and exploited for commercial purposes.

26

## EIGHTEENTH AFFIRMATIVE DEFENSE

As discovery in this case has not concluded, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

**WHEREFORE,** Defendant RPS HOLDINGS, LLC., d/b/a CAPITAL CABARET, and Defendant PHONG NGUYEN respectfully pray the Court as follows:

1.      That the Plaintiffs have and recover nothing of Defendant RPS HOLDINGS, LLC., d/b/a CAPITAL CABARET, or Defendant PHONG NGUYEN in this action and that this action be dismissed;

2.      That all issues of fact be tried before a jury;

3.      That the costs of this action be taxed against the Plaintiffs; and

4.      For such other and further relief as the Court may deem just and proper.

**This the 21st day of January, 2022.**

                                        **/s/ C. ROB WILSON**
                                        **C. Rob Wilson**
                                        **NC State Bar No. 41688**
                                        **/s/PRESTON W. ROLLERO**
                                        **Preston W. Rollero**
                                        **NC State Bar No. 52374**
                                        **Hedrick Gardner Kincheloe & Garofalo, LLP**
                                        **4131 Parklake Avenue, Suite 300**
                                        **Raleigh, NC 27612**
                                        **Phone:  919-719-2835**
                                        **Fax:  919-832-9425**
                                        **rwilson@hedrickgardner.co**
                                        **prollero@hedrickgardner.com**
                                        *Attorneys for Defendants*

                                        **/s/ JOSEPH L. LEDFORD**
                                        **Joseph L. Ledford**
                                        **NC State Bar No. 10397**
                                        **The Law Office of Joseph L. Ledford**
                                        **301 South McDowell Street**

27

**Charlotte, North Carolina 28204**
**Phone: 704-376-2622**
**Fax: 704-749-9963**
[josephlledford@yahoo.com](mailto:josephlledford@yahoo.com)
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on January 21, 2022, I electronically filed the foregoing Answer and

Affirmative Defenses of Defendants with the Clerk of Court using the CM/ECF system which will

send notification of filing to all counsel of record.

                             <u>/s/ **C. ROB WILSON**</u>
                             **C. Rob Wilson**
                             **NC State Bar No. 41688**
                             <u>**/s/PRESTON W. ROLLERO**</u>
                             **Preston W. Rollero**
                             **NC State Bar No. 52374**
                             **Hedrick Gardner Kincheloe & Garofalo, LLP**
                             **4131 Parklake Avenue, Suite 300**
                             **Raleigh, NC 27612**
                             **Phone:  919-719-2835**
                             **Fax:  919-832-9425**
                             **rwilson@hedrickgardner.co**
                             **prollero@hedrickgardner.com**
                             ***Attorneys for Defendants***

                             <u>**/s/ JOSEPH L. LEDFORD**</u>
                             **Joseph L. Ledford**
                             **NC State Bar No. 10397**
                             **The Law Office of Joseph L. Ledford**
                             **301 South McDowell Street**
                             **Charlotte, North Carolina 28204**
                             **Phone: 704-376-2622**
                             **Fax: 704-749-9963**
                             **josephlledford@yahoo.com**
                             ***Attorneys for Defendants***